IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | Case No. CR11-2025 |
| vs. | | ORDER FOR PRETRIAL DETENTION |
| DWAYNE APPLING, | | |
| Defendant. | | |

On the 26th day of December, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Murray W. Bell.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 19, 2011, Defendant Dwayne Appling was charged by Indictment (docket number 9) with conspiracy to distribute heroin (Count 1) and possession of heroin with intent to distribute (Count 3). At the arraignment on December 19, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on February 19, 2013.

At the hearing, retired Waterloo Police Officer Mark Meyer testified regarding the circumstances underlying the instant charges. On March 22, 2010, law enforcement executed search warrants at multiple locations in Waterloo, Iowa. At an apartment rented by Defendant, law enforcement found a large quantity of heroin (80-90 grams), plastic bags, a scale, and rubber gloves. Meyer testified that the quantity of heroin and other items found in the apartment were consistent with heroin trafficking.

1

Law enforcement also executed a search warrant at Defendant's residence. Defendant was at his residence during the search. Following the search, Defendant was interviewed and admitted that the heroin found in the apartment he rented belonged to him. Defendant also admitted trafficking heroin in Waterloo for about one year. Defendant agreed to cooperate with law enforcement. However, in April 2010, after a couple of meetings with police officers, law enforcement was unable to contact Defendant or locate him in eastern Iowa.

Cedar Rapids Police Officer Brian Furman also testified regarding the circumstances underlying the instant charges.[1] Furman testified that Defendant was involved in a conspiracy to distribute heroin in Waterloo. According to Furman, Lucious Simmons, a co-conspirator, told law enforcement that Defendant was his source for heroin distribution in Waterloo. Furman also stated that other individuals involved in the conspiracy implicated Defendant as a primary heroin source in Waterloo. Furman estimated that during his course of dealing, Defendant distributed more than 1 kilogram of heroin.

Defendant was recently arrested in South Dakota. According to Furman, when he was arrested, Defendant gave law enforcement a false name and provided false identification to the arresting officers. A small amount of crack cocaine was also found on Defendant's person when he was arrested.

According to the pretrial services report, Defendant is 38 years old. He was born and raised in Chicago, Illinois. Defendant's parents and sister continue to reside in the Chicago area. Defendant's parents have indicated that Defendant could reside with them if released. Defendant moved to eastern Iowa in 2001 or 2002. Defendant is single, has never been married, and has no children.

Defendant has been unemployed since October 2012. Defendant told the pretrial services officer that he has worked "off and on" as hair stylist for most of his adult life. Defendant is in good physical health, and reports no history of mental or emotional health

---

[1] Furman is currently assigned to the DEA Task Force.

concerns. According to Defendant, he has used marijuana regularly since he was 12 or 13 years old. He told the pretrial services officer that his last use was approximately 18 months ago. He underwent substance abuse treatment in 2005.

Turning to Defendant's criminal record, on May 29, 2002, Defendant was charged and later convicted of disturbing public quiet. On November 14, 2003, Defendant was charged and later convicted of possession with intent to deliver crack cocaine and failure to affix a drug tax stamp. He was sentenced to 25 years in prison on the possession charge and 5 years in prison on the tax stamp charge. He was paroled in December 2005, and discharged from parole in December 2007.

On April 27, 2010, Defendant was charged in state court with possession with intent to deliver heroin and failure to affix a drug tax stamp. These charges stem from the events giving rise to the instant federal charges. The state charges were dismissed following the federal indictment.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

3

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

4

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin and possession of heroin with intent to distribute. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. On March 22, 2010, law enforcement conducted a search on an apartment rented by Defendant. During the search, officers found a large quantity of heroin in the apartment. Defendant was interviewed by law enforcement, and admitted that the heroin belonged to him and that he was involved with distributing heroin in Waterloo. Additionally, Officer Furman testified that other

individuals prosecuted for the distribution of heroin have implicated Defendant in the distribution of heroin in the Waterloo area.

As a general proposition, the distribution of drugs constitutes a general danger to the community. The Court is particularly concerned with the distribution of heroin because it is highly addictive, and its use often results in overdose and death. Defendant lacks a stable residence and stable employment. Defendant has been absent from this area since late April 2010. If convicted of Count 1, Defendant faces a mandatory minimum 20-year sentence. This is a factor regarding the likelihood he will appear. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community or assure Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1.     The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 19, 2012) to the filing of this Ruling (December 26, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 26th day of December, 2012.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA